IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BUDDY JOHN SAVICH
and JANEL SAVICH,

Plaintiffs,

v.                                                    ORDER

COLUMBIA COUNTY, COLUMBIA COUNTY            24-cv-277-wmc
BOARD OF SUPERVISORS, COLUMBIA COUNTY
BOARD OF ADJUSTMENT, and KURT CALKINS,

Defendants.

---

This civil removal case arises out of defendant Columbia County's approval of a permit to construct a cell tower located directly in front of property owned by plaintiffs Buddy and Janel Savich. The Saviches challenged the permit in the Circuit Court for Columbia County, Wisconsin on June 25, 2021, which resulted in extensive state court litigation between plaintiffs, Columbia County, the prospective cell tower applicants, and the owner of a nearby cell tower. Some of those proceedings are still pending on a petition for review to the Wisconsin Supreme Court. *See Savich, Buddy J. et al. vs. Columbia County Board of Adjustments et al.*, Columbia Cty. Case No. 2021CV162 (filed Jun. 25, 2021), App. No. 2023AP1339 (pet. rev. filed Sept. 6, 2024).

Plaintiffs filed the instant case in state court, Columbia Cty. Case No. 2024CV10, on January 15, 2024, alleging that the county, two county boards, and a county official violated their constitutional and state law rights during both the permitting process and the parties' subsequent state court litigation. Dkt. 1. After timely removing this case, defendants filed a motion to dismiss, or alternatively stay all proceedings, arguing that the court should abstain from hearing this case under the doctrine articulated in *Colorado River Water Conservation Dist.*

*v. United States*, 424 U.S. 800, 817 (1976).  Dkt. 13.  Although plaintiffs oppose dismissal with prejudice on the ground that their federal case contains additional claims not raised in their pending state case, they do not oppose a stay pending completion of the state court litigation.

The court need not decide whether abstention is warranted under *Colorado River* because a stay is appropriate under the court's inherent authority to stay proceedings for judicial efficiency when litigation is at an early stage and a stay will not unduly prejudice the non-moving party, will simplify the issues and streamline the trial, and will reduce the burden of litigation on the parties and the court.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding district courts have broad discretion to stay proceedings); *Grice Eng'g Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted) (outlining four relevant factors).  The relevant factors all favor granting a stay in this case:  the federal case has only just begun and the state court litigation is almost complete; plaintiffs do not oppose a stay; this case involves the same core parties, facts, evidence, and legal issues as the state court litigation; and the state case will resolve important threshold questions that could resolve or significantly narrow plaintiffs' claims in this case, especially if the state supreme court agrees that the permit should be upheld.

Accordingly, IT IS ORDERED that:

1. Defendants' request to stay, raised in their motion to dismiss, dkt. 13, is GRANTED, and this case is STAYED pending resolution of all issues in Columbia Cty. Case No. 2021CV162, including any remand or appeals.

2. Within 30 days of the completion of all state court proceedings, the parties shall notify the court of the outcome of the case and identify any remaining issues or claims to be resolved in this case.

3. Defendants' motion to dismiss is otherwise DENIED without prejudice. Defendants may seek to raise or renew any arguments related to proper parties, claim preclusion, and issue preclusion after completion of the state court proceedings.

Entered December 19, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge